UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUDIA JACKSON,

    Plaintiff,

v.                                  CASE NO. 6:12-cv-1878-Orl-37GJK

SIEMENS CORPORATION and
SIEMENS ENERGY, INC.,

    Defendants.
_____/

**DEFENDANT SIEMENS CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant, SIEMENS CORPORATION ("Siemens Corporation" or "Defendant"), by and through undersigned counsel, and responds to the specifically enumerated paragraphs in Plaintiff's Amended Complaint as follows:

**NATURE OF THE CLAIMS**

1. Admitted Plaintiff alleges violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Defendant denies it violated the FMLA.

2. Admitted Plaintiff was employed by Siemens Corporation as a Human Resources Business Consultant and was physically located in Orlando, Florida. All remaining allegations, inferences, and legal conclusions are denied.

3. Admitted Plaintiff made complaints to her supervisor, the "tell us" hotline, and, through her attorney, to Mike Panigel, Chief Human Resources Officer for Siemens Corporation. Denied that the complaints were about unlawful treatment or that Defendant

engaged in any unlawful treatment of Plaintiff. Admitted that Plaintiff chose not to resign. All remaining allegations, inferences and legal conclusions are denied.

## JURISDICTION AND VENUE

4. As to the claims based on the Family Medical Leave Act, Defendant admits the Court has jurisdiction. Defendant denies that the Court presently has jurisdiction to address claims brought pursuant to Title VII of the Civil Rights Act of 1964 or the Florida Civil Rights Act.

5. Admitted that venue is proper in this district because a substantial part of the events giving rise to this action occurred in this district. Denied that any of those events constitute unlawful employment practices. All other allegations, inferences and legal conclusions are likewise denied.

## ADMINISTRATIVE PROCEDURES

6. Defendant is without knowledge as to whether Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission of Human Rights (FCHR) on behalf of herself and others against Siemens Corporation. Defendant is without knowledge as to what the EEOC will do with said charge or what Plaintiff will do in response, therefore denied. Defendant denies all remaining allegations, inferences, and legal conclusions.

7. Defendant is without sufficient information or knowledge as to whether Plaintiff satisfied any and all administrative requirements precedent to the filing of this action, therefore denied.

## PARTIES

8. Admitted Plaintiff is a female former employee of Siemens Corporation and worked in Orlando, Florida. Defendant is without sufficient information or knowledge as to Plaintiff's residence; therefore denied. Admitted that Plaintiff met the definition of "employee" and/or "eligible" employee of Siemens Corporation under the FMLA. Defendant denies that Plaintiff was an employee or eligible employee of Siemens Energy, Inc. Defendant denies all remaining allegations, inferences, and legal conclusions.

9. Admitted.

10. Denied that Siemens Energy, Inc. was Plaintiff's employer. Except as denied, Defendant admits.

## FACTUAL ALLEGATIONS

**Background**

11. Admitted Plaintiff was employed by Siemens Corporation as an HR Business Consultant from March 2, 2011, through her termination on November 6, 2012. Defendant denies Plaintiff was employed by Siemens Energy, Inc. All remaining allegations, inferences, and legal conclusions are denied.

12. Admitted that early on in her employment, Terry passed on customer compliments to Plaintiff. All remaining allegations, inferences and legal conclusions are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied. All inferences and legal conclusions are likewise denied.

17. Denied.

18. Denied.

19. Denied that in late-2011 Plaintiff's "customers" gave her "glowing reviews" or that she received an "excellent" year-end performance review. Admitted that the performance review referenced her willingness to "jump in and help where needed, i.e., recruiting in Memphis" and stated her strength is in "collaborating with and establishing and maintaining positive relationships with her customers." All remaining allegations, inferences and legal conclusions are denied.

20. Denied.

21. Denied that Plaintiff's rating on the year-end 2011 performance review was "excellent" or that her 2011 year-end performance review was "superb." All remaining allegations, inferences and legal conclusions are denied.

22. Admitted that Plaintiff began reporting to Ms. Miles on or about February 16, 2011. All remaining allegations, inferences and legal conclusions are denied.

23. Denied.

**Ms. Jackson's FMLA Leave and Defendants' Interference and Retaliation**

24. Defendant is without knowledge as to what Plaintiff's doctor told her; therefore denied. Admitted Plaintiff e-mailed Ms. Miles in July 2012 and wrote that Plaintiff's doctor had told Plaintiff she needed to be off her feet. All remaining allegations, inferences and legal conclusions are denied.

25. Defendant is without sufficient knowledge as to Plaintiff's reasons behind the work from home request, but admits that Plaintiff asked to work from home and attempted to do so, but was unable to obtain internet access to the server, so it was necessary for her to go on short term disability family medical leave. All remaining allegations, inferences and legal conclusions are denied.

26. Admitted Ms. Miles told Plaintiff she could not work from home without internet access to the server. Denied that Ms. Miles told Plaintiff that Ms. Miles would complete Plaintiff's work while she was on leave. All remaining allegations, inferences and legal conclusions are denied.

27. Admitted that Plaintiff e-mailed Ms. Miles to confirm that she would return from her maternity leave on September 24, 2012. Admitted that Ms. Miles acknowledged that Plaintiff was entitled to stay on leave pursuant to the FMLA. Denied that Ms. Miles pressured Plaintiff to return prior to the expiration of her FMLA leave. Admitted that Plaintiff returned to work on September 17, 2012. Denied that Plaintiff returned from family medical leave early. All remaining allegations, inferences and legal conclusions are denied.

28. Denied.

29. Denied.

30. Admitted on October 5, 2012, Plaintiff was given a "1" ("not achieved") on her annual performance review. All remaining allegations, inferences and legal conclusions are denied.

31. Admitted that Ms. Miles told Plaintiff her customers did not see her as an asset. Defendant is without knowledge as to what praise Plaintiff received from customers

prior to going on leave. Denied that this statement was contradictory to pre-FMLA feedback given to Ms. Miles about Plaintiff or given to Plaintiff from Ms. Miles. All remaining allegations, inferences and legal conclusions are denied.

32. Admitted that Ms. Miles referenced Plaintiff's failure to initiate "upward feedback" and "roundtables" during her performance review. All remaining allegations, inferences and legal conclusions are denied.

33. Denied Ms. Miles subjected Plaintiff to harassing micromanagement, yelled at her in front of colleagues or fabricated performance issues. Defendant is without sufficient information or knowledge as to whether Plaintiff felt humiliated about her interactions with Ms. Miles; therefore denied. All remaining allegations, inferences and legal conclusions are denied.

34. Admitted that prior to Plaintiff's family medical leave, due to work schedule and travel restrictions, Ms. Miles denied her request to go to the Diversity Council Awards Dinner. Denied that Plaintiff was ever approved to go, that the Awards Dinner was even discussed upon Plaintiff's return from leave, or that her leave was mentioned or a factor in the decision. All remaining allegations, inferences and legal conclusions are denied.

35. Admitted Plaintiff was placed on a Performance Improvement Plan ("PIP"). Denied that Plaintiff was harassed or discriminated against. All remaining allegations, inferences and legal conclusions are denied.

36. Admitted Plaintiff sent e-mails on October 16 & 17, 2012, to Miles in which Plaintiff complained about being "harassed." Denied that Defendant retaliated against Plaintiff. All remaining allegations, inferences and legal conclusions are denied.

37. Admitted Plaintiff lodged a complaint with a Siemens Corporation Compliance Officer, through the "Tell Us" hotline.

38. Defendant is without knowledge; therefore denied.

39. Admitted that Ms. Miles offered Plaintiff the opportunity to resign, i.e., to remain on the payroll for the 30-day PIP evaluation period beginning October 5, 2012, but to spend that time looking for other opportunities. All remaining allegations, inferences and legal conclusions are denied.

40. Defendant denies it interfered with Plaintiff's family medical leave, discriminated or retaliated against her. All remaining allegations, inferences and legal conclusions are denied.

41. Admitted that Ms. Miles and Mr. Vickers discussed the opportunity to allow Plaintiff to resign. Denied that the proposal was discriminatory or retaliatory. All remaining allegations, inferences and legal conclusions are denied.

42. Admitted that Plaintiff conveyed her decision to continue to work through her PIP rather than resign. All remaining allegations, inferences and legal conclusions are denied.

43. Admitted that Defendant received a complaint letter dated October 24, 2012 from Plaintiff's counsel, Kenneth P. Thompson, directed to Mike Panigel at Siemens Corporation, claiming FMLA interference, discrimination and retaliation against Plaintiff. All remaining allegations, inferences and legal conclusions are denied.

44. Defendant admits it terminated Plaintiff on November 6, 2012 for unsatisfactory performance. Denied that Plaintiff's performance deficiencies were fabricated

or that it discriminated or retaliated against Plaintiff. All remaining allegations, inferences and legal conclusions are denied.

45. Denied.

46. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION
(Interference with Plaintiff's Rights under the FMLA)

47. Admitted that Plaintiff met the definition of "employee" of Siemens Corporation and Defendant admits that Siemens Corporation met the definition of "employer" and/or "covered employer" within the meaning of the FMLA. Defendant admits that Siemens Energy, Inc. is an employer as defined by the FMLA but denies that Plaintiff was an employee of Siemens Energy, Inc. or that Siemens Energy, Inc. was Plaintiff's employer.

48. Admitted that on July 24, 2012, Plaintiff took leave pursuant to the FMLA because of pregnancy-related issues. Denied that Plaintiff's work performance was excellent at the time she took leave. Defendant re-asserts its responses to the referenced paragraphs. All other allegations, inferences, and legal conclusions are denied.

49. Admitted Plaintiff was placed on a Performance Improvement Plan and offered an opportunity to resign, but denied either was related to her exercise or attempts to exercise her FMLA rights. Defendant denies having engaged in the acts identified in subparagraphs (i)- (ii)(a)-(b) and (d)-(e) or that it violated the FMLA with regard to Plaintiff in any regard. Defendant re-asserts its responses to the referenced paragraphs 28-44. All other allegations, inferences, and legal conclusions are denied.

50. Defendant denies it interfered with Plaintiff's rights under the FMLA and re-asserts its responses to the referenced paragraphs 13-17, 21-23, 25-26, and 45-46.

51. Defendant denies it engaged in unlawful conduct in violation of the FMLA or that Plaintiff is entitled to damages and other relief based on its conduct.

52. Defendant denies having engaged in unlawful actions or any malicious, willful or wanton actions taken in bad faith in violation of the FMLA or that Plaintiff is entitled to any award of damages, including liquidated damages, against it.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)

53. Admitted that Plaintiff met the definition of "employee" of Siemens Corporation. Defendant admits that Siemens Corporation meets and met the definition of "employer" and/or "covered employer" within the meaning of the FMLA. Defendant admits that Siemens Energy, Inc. meets the definition of "employer" and/or "covered employer" within the meaning of the FMLA but denies that Siemens Energy, Inc. was Plaintiff's employer or that Plaintiff was an employee of Siemens Energy, Inc.

54. Admitted that on July 24, 2012, Plaintiff took leave pursuant to the FMLA because of pregnancy-related issues. Denied that Plaintiff's work performance was excellent at the time she took leave. Defendant re-asserts its responses to the referenced paragraphs 11-12, 18-20 and 24-25.

55. Admitted Plaintiff was placed on a Performance Improvement Plan and offered an opportunity to resign, but denied either was a result of her having exercised her FMLA rights. Defendant re-asserts its responses to the referenced paragraphs 28-44. All other allegations, inferences, and legal conclusions are denied.

56. Denied that Defendant retaliated against Plaintiff for exercising her rights under the FMLA. Defendant re-asserts its responses to the referenced paragraphs 13-17, 21-23, 25-27, 45 and 46.

80. [SIC]   Denied that Defendant engaged in unlawful and retaliatory conduct in violation of the FMLA or that Plaintiff is entitled to any award of damages or other relief against Defendant.

81. [SIC]   Denied that Defendant engaged in unlawful or retaliatory actions against Plaintiff or that any actions of Defendants constituted bad faith, malicious, willful or wanton violations of the FMLA or that Plaintiff is entitled to any award against Defendant, including an award of liquidated damages.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to judgment against Defendant or to any of the relief requested. Defendant admits Plaintiff is entitled to trial by jury on all issues so triable and again deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to Plaintiff's claims:

## FIRST DEFENSE

Plaintiff has failed to state a cause of action for violations of the FMLA.

## SECOND DEFENSE

There were legitimate, nondiscriminatory, non-retaliatory business reasons for Defendant's actions that were not pretextual, and Defendant has not willfully or intentionally

violated the Family Medical Leave Act or any other statute or provision under which the alleged cause of action could be brought. These reasonable business reasons were in no way related to Plaintiff's request for or use of Family Medical Leave.

### THIRD DEFENSE

At all times, Defendant acted in good faith towards Plaintiff and without any intent to retaliate or discriminate against Plaintiff or to deprive Plaintiff of any employment and/or federally-protected rights.

### FOURTH DEFENSE

Even if the actions and omissions Plaintiff challenges in this action were found to be based, in part, on discriminatory, retaliatory or other unlawful grounds, which Defendant categorically deny, Defendant would have reached the same decisions and taken the same actions irrespective of such motives, and Plaintiff's claims are therefore barred or subjected to limited damages.

### FIFTH DEFENSE

Plaintiff's FMLA claim is barred to the extent Plaintiff failed to give Defendant notice and/or reasonable notice of the need for FMLA leave and/or the existence of any condition that Defendant knew or should have known was a serious health condition under the FMLA.

### SIXTH DEFENSE

Plaintiff's FMLA claim is barred to the extent Plaintiff failed to submit the required medical certification to be eligible for FMLA leave.

## SEVENTH DEFENSE

Plaintiff's claim for liquidated damages should be denied based on her failure to make a reasonable showing that provides a reasonable basis for recovery of such damages, and because any and all acts or omissions by Defendant giving rise to this action were done without malice or reckless indifference to Plaintiff's statutorily protected rights and in good faith and upon reasonable belief that Defendant was not violating the FMLA.

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate any alleged damages and cannot recover any damages she failed to mitigate.

## NINTH DEFENSE

Plaintiff's damages must be setoff and/or reduced by any wages, commissions, pay, benefits and other interim earnings or remunerations, received by Plaintiff since her separation of employment.

## TENTH DEFENSE

If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in her termination had Defendant known, Plaintiff is not entitled to damages and/or equitable relief based upon this after acquired evidence should she prevail.

## ELEVENTH DEFENSE

Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

**WHEREFORE**, having fully answered the allegations in Plaintiff's Amended Complaint, Defendant Siemens Corporation respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and order any other relief this Court deems appropriate.

**Respectfully submitted,**

**FORD HARRISON LLP**
By:  s/Kay L. Wolf_____
     Kay L. Wolf
     Florida Bar No. 247065
     300 South Orange Avenue, Suite 1300
     Orlando, Florida 32801
     Tel. (407) 418-2300
     Fax (407) 418-2327
     kwolf@fordharrison.com

     Louis D. Wilson
     Florida Bar No. 0062257
     1901 S. Harbor City Blvd., Suite 501
     Melbourne, FL 32901
     Tel.(321) 724-5970
     Fax (321) 724-5979
     ldwilson@fordharrison.com

     Attorneys for Defendant
     SIEMENS CORPORATION

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 29, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                    s/Kay L. Wolf
                                                      Kay L. Wolf

Orlando:210085.1