UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUDIA JACKSON,

    Plaintiff,

v.                          CASE NO. 6:12-cv-1878-Orl-37GJK

SIEMENS CORPORATION and
SIEMENS ENERGY, INC.,

    Defendants.
_____/

**DEFENDANT SIEMENS ENERGY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant, SIEMENS ENERGY, INC. ("SEI" or "Defendant"), by and through undersigned counsel, and responds to the specifically enumerated paragraphs in Plaintiff's Amended Complaint as follows:

**NATURE OF THE CLAIMS**

1. Admitted Plaintiff alleges violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Defendant denies it violated the FMLA.

2. Admitted Plaintiff was employed by Siemens Corporation as a Human Resources Business Consultant and was physically located in Orlando, Florida. All remaining allegations, inferences, and legal conclusions are denied.

3. Defendant denies all of Plaintiff's allegations to the extent that they are directed to SEI. SEI is without knowledge as to Siemens Corporation's alleged actions and therefore denies.

## JURISDICTION AND VENUE

4. As to the claims based on the Family Medical Leave Act, Defendant admits the Court has jurisdiction. Denied that the Court presently has jurisdiction to address claims brought pursuant to Title VII of the Civil Rights Act of 1964 or the Florida Civil Rights Act.

5. Admitted that venue is proper in this district because a substantial part of the events giving rise to this action occurred in this district. Denied that any of those events constitute unlawful employment practices. All other allegations, inferences and legal conclusions are likewise denied.

## ADMINISTRATIVE PROCEDURES

6. Defendant is without knowledge; therefore denied.

7. Defendant is without sufficient information or knowledge as to whether Plaintiff satisfied any and all administrative requirements precedent to the filing of this action, therefore denied.

## PARTIES

8. Admitted Plaintiff is a female former employee of Defendant Siemens Corporation and worked in Orlando, Florida. Defendant is without sufficient information or knowledge as to Plaintiff's residence; therefore denied. Admitted that Plaintiff met the definition of "employee" and/or "eligible" employee of Siemens Corporation under the FMLA. Denied that Plaintiff was an employee or eligible employee of SEI. All remaining allegations, inferences, and legal conclusions are denied.

9. SEI admits on information and belief that Siemens Corporation is incorporated in Delaware, that its corporate headquarters are located in Washington, D.C.

and that it is an employer and covered employer under the FMLA. As to all remaining allegations, Defendant is without knowledge; therefore, denied.

10. Defendant denies that it was the employer of Plaintiff. Except as denied, Defendant admits.

## FACTUAL ALLEGATIONS

### Background

11. Admitted that Siemens Corporation employed Plaintiff as a Human Resources Business Consultant. SEI denies that it hired Plaintiff or employed her. SEI is without knowledge as to Plaintiff's job title and exact dates of employment with Siemens Corporation, and therefore denies same. All remaining allegations, inferences, and legal conclusions are denied.

12. Defendant is without knowledge; therefore denied.

13. Defendant is without knowledge; therefore denied.

14. Defendant is without knowledge; therefore denied.

15. Defendant is without knowledge; therefore denied.

16. Defendant is without knowledge; therefore denied.

17. Defendant is without knowledge; therefore denied.

18. Defendant is without knowledge; therefore denied.

19. Defendant is without knowledge; therefore denied.

20. Defendant is without knowledge; therefore denied.

21. Defendant is without knowledge; therefore denied.

22. Defendant is without knowledge; therefore denied.

23. Defendant is without knowledge; therefore denied.

**Ms. Jackson's FMLA Leave and Defendants' Interference and Retaliation**

24. Defendant is without knowledge; therefore denied.

25. Defendant is without knowledge; therefore denied.

26. Defendant is without knowledge; therefore denied.

27. Defendant is without knowledge; therefore denied.

28. Defendant is without knowledge; therefore denied.

29. Defendant is without knowledge; therefore denied.

30. Defendant is without knowledge; therefore denied.

31. Defendant is without knowledge; therefore denied.

32. Defendant is without knowledge; therefore denied.

33. Defendant is without knowledge; therefore denied.

34. Defendant is without knowledge; therefore denied.

35. Defendant is without knowledge; therefore denied.

36. Defendant is without knowledge; therefore denied.

37. Defendant is without knowledge; therefore denied.

38. Defendant is without knowledge; therefore denied.

39. Defendant is without knowledge; therefore denied.

40. Defendant is without knowledge; therefore denied.

41. Defendant is without knowledge; therefore denied.

42. Defendant is without knowledge; therefore denied.

43. Defendant is without knowledge; therefore denied.

44. Defendant denies that it terminated, discriminated or retaliated against Plaintiff and is without knowledge as to the remaining allegations; therefore denied.

45. Defendant is without knowledge; therefore denied.

46. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION
(Interference with Plaintiff's Rights under the FMLA)

47. Defendant admits that SEI is an employer as defined that the FMLA, but denies that Plaintiff was an employee of SEI or that SEI was Plaintiff's employer.

48. Defendant is without knowledge; therefore denied. Defendant re-asserts its responses to the referenced paragraphs.

49. Defendant is without knowledge as to whether Plaintiff was placed on a Performance Improvement Plan or offered an opportunity to resign and therefore denied. Defendant denies having engaged in the acts identified in subparagraphs (i)- (ii) or that it violated the FMLA with regard to Plaintiff in any regard. Defendant re-asserts its responses to the referenced paragraphs 28-44. All other allegations, inferences, and legal conclusions are denied.

50. Defendant denies it interfered with Plaintiff's rights under the FMLA and re-asserts its responses to the referenced paragraphs 13-17, 21-23, 25-26, and 45-46.

51. Defendant denies it engaged in unlawful conduct in violation of the FMLA or that Plaintiff is entitled to damages and other relief based on its conduct.

52. Defendant denies having engaged in unlawful actions or any malicious, willful or wanton actions taken in bad faith in violation of the FMLA or that Plaintiff is entitled to any award of damages, including liquidated damages, against it.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)

53.	Defendant admits that SEI meets the definition of "employer" and/or "covered employer" within the meaning of the FMLA, but denies that SEI was Plaintiff's employer or that Plaintiff was an employee of SEI.

54.	Defendant is without knowledge; therefore denied. Defendant re-asserts its responses to the referenced paragraphs 11-12, 18-20 and 24-25.

55.	Defendant is without knowledge as to Siemens Corporation's alleged actions, and therefore denies same. Defendant denies having engaged in the acts identified in subparagraphs (i)-(vi) or that it violated the FMLA in any regard. Defendant re-asserts its responses to the referenced paragraphs 28-44. All other allegations, inferences, and legal conclusions are denied.

56.	Denied that Defendant retaliated against Plaintiff for exercising her rights under the FMLA. Defendant re-asserts its responses to the referenced paragraphs 13-17, 21-23, 25-27, 45 and 46.

80. [SIC]	Denied that Defendant engaged in unlawful and retaliatory conduct in violation of the FMLA or that Plaintiff is entitled to any award of damages or other relief against Defendant.

81. [SIC]	Denied that Defendant engaged in unlawful or retaliatory actions against Plaintiff or that any actions of Defendant constituted bad faith, malicious, willful or wanton violations of the FMLA or that Plaintiff is entitled to any award against Defendant, including an award of liquidated damages.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to judgment against Defendant or to any of the relief requested. Defendant admits Plaintiff is entitled to trial by jury on all issues so triable and again deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to Plaintiff's claims:

## FIRST DEFENSE

Plaintiff has failed to state a cause of action for violations of the FMLA.

## SECOND DEFENSE

There were legitimate, nondiscriminatory, non-retaliatory business reasons for Defendant's actions that were not pretextual, and Defendant has not willfully or intentionally violated the Family Medical Leave Act or any other statute or provision under which the alleged cause of action could be brought. These reasonable business reasons were in no way related to Plaintiff's request for or use of Family Medical Leave.

## THIRD DEFENSE

At all times, Defendant acted in good faith towards Plaintiff and without any intent to retaliate or discriminate against Plaintiff or to deprive Plaintiff of any employment and/or federally-protected rights.

## FOURTH DEFENSE

Even if the actions and omissions Plaintiff challenges in this action were found to be based, in part, on discriminatory, retaliatory or other unlawful grounds, which Defendant categorically denies, Defendant would have reached the same decisions and taken the same actions irrespective of such motives, and Plaintiff's claims are therefore barred or subjected to limited damages.

## FIFTH DEFENSE

Plaintiff's FMLA claim is barred to the extent Plaintiff failed to give Defendant notice and/or reasonable notice of the need for FMLA leave and/or the existence of any condition that Defendant knew or should have known was a serious health condition under the FMLA.

## SIXTH DEFENSE

Plaintiff's FMLA claim is barred to the extent Plaintiff failed to submit the required medical certification to be eligible for FMLA leave.

## SEVENTH DEFENSE

Plaintiff's claim for liquidated damages should be denied based on her failure to make a reasonable showing that provides a reasonable basis for recovery of such damages, and because any and all acts or omissions by Defendant giving rise to this action were done without malice or reckless indifference to Plaintiff's statutorily protected rights and in good faith and upon reasonable belief that Defendant was not violating the FMLA.

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate any alleged damages and cannot recover any damages she failed to mitigate.

## NINTH DEFENSE

Plaintiff's damages must be setoff and/or reduced by any wages, commissions, pay, benefits and other interim earnings or remunerations, received by Plaintiff since her separation of employment.

## TENTH DEFENSE

If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in her termination had Defendant known, Plaintiff is not entitled to damages and/or equitable relief based upon this after acquired evidence should she prevail.

## ELEVENTH DEFENSE

Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

**WHEREFORE**, having fully answered the allegations in Plaintiff's Amended Complaint, Defendant Siemens Energy, Inc. respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and order any other relief this Court deems appropriate.

Respectfully submitted,

FORD HARRISON LLP

By: s/Kay L. Wolf_____
    Kay L. Wolf
    Florida Bar No. 247065
    300 South Orange Avenue, Suite 1300
    Orlando, Florida 32801
    Tel. (407) 418-2300
    Fax (407) 418-2327
    kwolf@fordharrison.com

    Louis D. Wilson
    Florida Bar No. 0062257
    1901 S. Harbor City Blvd., Suite 501
    Melbourne, FL 32901
    Tel.(321) 724-5970
    Fax (321) 724-5979
    ldwilson@fordharrison.com

    Attorneys for Defendant
    SIEMENS ENERGY, INC.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on January 29, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Kay L. Wolf_____
Kay L. Wolf

Orlando:210103.1